IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL DEAN, Personal Representative
of the Estate of Elaine Archuleta, Deceased,**

    **Plaintiff,**

**v.**                                                             Case No. _____

**RIO ARRIBA COUNTY BOARD OF
COMMISSIONERS, a municipal entity
Organized under the laws of the State of
New Mexico and its subsidiary, JOHN
DOES AND JANE DOES Numbers
1-10, unknown officers employed at the Rio
Arriba County Detention Center in their
individual and official capacities,**

    **Defendants.**

_____

## PLAINTIFF'S ORIGINAL COMPLAINT
_____

Plaintiff, by and through her undersigned attorney, for her cause of action against Defendants, would show the Court the following:

### GENERAL ALLEGATIONS

**1.** Plaintiff Crystal Dean is the personal representative of the Estate of Elaine Archuleta and brings this case pursuant to the New Mexico Tort Claims Act, Wrongful Death Act, and 42 U.S.C. § 1983 et seq. Ms. Dean is a resident of San Miguel County, New Mexico. Rio Arriba County is sued for the wrongful conduct of its agents and employees as set forth here and below. Rio Arriba County is a political subdivision of the State of New Mexico. Defendants John Does Number 1-10 are employees of Rio Arriba County who are employees or agents who work with

or for the Rio Arriba County Adult Detention Facility (RACADF) or other Rio Arriba County departments. The Court has jurisdiction of this case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. On or about August 28, 2012, Elaine Archuleta was arrested and booked into the Rio Arriba County Adult Detention Facility. She informed the officers booking her that she was withdrawing from alcohol and heroin, and these facts were known to personnel at the RACADF from Ms. Archuleta's previous stays in that facility as well.

3. Ms. Archuleta was taken to the La Clinica Del Pueblo in Tierra Amarilla, New Mexico during the day of August 29, 2012 at which time she was prescribed medications to address her health issues.

4. The personnel at the Rio Arriba County Adult Detention Facility charged with the care, supervision, and monitoring of Elaine Archuleta during her incarceration totally and completely failed in their duties. They were all employees of Rio Arriba County, supervised and trained by the Rio Arriba County Adult Detention Facility supervisors and staff, and acting under color of state law.

5. The RACADF and its employees failed to provide Ms. Archuleta with all of the medications which were prescribed for her on August 29, 2012 by Shirley Knackstedt, a nurse practitioner, and Ms. Archuleta was consistently complaining of pain and discomfort as well as vomiting and suffering from uncontrolled diarrhea while she was incarcerated, without response or attention from any agent or employee of the Defendants.

6. No correctional officer nor employee of Rio Arriba County Detention Center assisted Ms. Archuleta, nor provided, aid and necessary medical treatment to her until it was far too late, after

she had seizures and suffered respiratory arrest, and in spite of their knowledge of her distress, complaints and worsening condition. Even at the point at which her breathing stopped and seizures began, fellow inmates were giving Ms. Archuleta CPR, while the guards, employed by the County and trained and supervised by the Sheriff, watched.

7. Ms. Archuleta died in the early morning hours of August 30, 2012, from alcohol and heroin withdrawal.

8. Defendant RIO ARRIBA COUNTY BOARD OF COMMISSIONERS (hereinafter referred to as "Rio Arriba County") is a political subdivision of the State of New Mexico. Pursuant to § 4-16-1 NMSA 1978, all suits or proceedings against a county are to be brought in the name of the board of county commissioners of that county. Rio Arriba County is the proper venue for the redress for the harm done by Defendants to Elaine Archuleta and her Estate. Pursuant to NMSA 1978 §§ 4-44-19, 33-3-3 through -8, Rio Arriba County had a statutory obligation to provide for the confinement of prisoners incarcerated under the County's jurisdiction. The County had a statutory obligation to appropriate funds and otherwise provide the necessary funding to maintain and operate a facility for the incarceration of prisoners under the jurisdiction of the county.

9. Defendants JOHN DOES AND JANE DOES (hereinafter "John Does" and "Jane Does") are unknown correction officers employed at the RACADF at the time of Elaine Archuleta's incarceration. At all relevant times, John Does and Jane Does were employed by Rio Arriba County as correction officers at RACADF. For purposes of 42 U.S.C. § 1983, John Does and Jane Does were acting under color of state law. In connection with Plaintiff's § 1983 claims, John Does and Jane Does are sued personally and in their official capacity as corrections officers

at the RACADF. John Does and Jane Does were responsible for the proper implementation and following of RACADF policies and procedure, maintaining a safe environment at the RACADF and ensuring that Plaintiff's rights were honored and observed.

10. This court has jurisdiction over Plaintiff's claims.

## FIRST CLAIM FOR RELIEF

11. The allegations of the General Allegations are incorporated herein by this reference.

12. Defendants breached their duty to Plaintiff. Their conduct is of the type for which immunity has been waived, pursuant to § 41-4-12, NMSA 1978 (1977).

13. The conduct of the employees of Rio Arriba County was negligent, entitling Plaintiff to damages in this wrongful death case pursuant to the New Mexico Tort Claims Act and Wrongful Death Act.

14. Proper notice of this claim has been given as required by the New Mexico Tort Claims Act.

## SECOND CLAIM FOR RELIEF

15. The allegations of the General Allegations are incorporated herein by this reference.

16. Acting under color of state law, agents and employees of Rio Arriba County, including employees John Does and Jane Does 1-10 deprived Elaine Archuleta of her civil rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

17. The conduct of the agents and the employees of Defendants, for which Defendants are responsible under the doctrine of *respondeat superior*, demonstrated a deliberate indifference to the civil rights and personal safety of Elaine Archuleta and also constitute a practice and procedure in the Rio Arriba County Detention Center for which Defendants are liable. By

ignoring prescriptions for medication for Ms. Archuleta, ignoring her pleas for medical assistance, and failing to provide adequate medical attention, Defendants engaged in practices which violated Ms. Archuleta's constitutional rights. These are accepted customs in the Rio Arriba County Sheriff's Department, at the Rio Arriba County Jail.

**18.** Rio Arriba County had a duty to exercise due care in the supervision of the RACADF personnel. In addition, Rio Arriba County had a duty to assure that employees of the RACADF were properly trained, aware of inmates' constitutional rights, were aware of and followed proper protocols and to properly screen, hire, train, monitor, supervise and/or discipline employees of the RACADF. As part of that responsibility, Rio Arriba County had a duty to:

**a.** Conduct a reasonable and adequate applicant screening process, including background investigations, to determine whether applicants for employment were appropriately qualified to work at the RACADF;

**b.** Assure that RACADF personnel received appropriate and adequate training, including at a minimum the amounts required by law, and to make sure that the RACADF personnel understood the training that was or should have been provided;

**c.** Prepare, adopt and inculcate policies procedures and protocols regarding the care for the physical health of inmates;

**d.** Assure proper levels of staffing of all shifts by competent, qualified personnel; and

**e.** Monitor or discipline employees of RACADF in order to assure that they complied with policies, procedures and protocols.

**19.** Prior to August 29, 2012, Rio Arriba County knew or reasonably should have known that employees and personnel at the RACADF were acting improperly and not properly caring for the health of persons incarcerated at the RACADF.

**20.** Prior to August 28, 2012, Rio Arriba County knew or reasonably should have known that employees and personnel at the RACADF lacked adequate training, and were operating without knowledge of or in disregard for RACADF policies, procedures and protocols, particularly those applying to the care for the health of inmates at the RACADF.

**21.** Defendant Rio Arriba County breached its duties to Plaintiff by its deliberate indifference to the constitutional rights of Plaintiff and by failing to properly screen, hire, train, monitor, supervise and/or discipline employees and personnel of the RACADF. In particular, Rio Arriba County failed to assure proper levels of staffing, failed to inculcate existing policies, failed to modify or revise policies related to inmate health care, failed to implement appropriate training and failed to take other appropriate supervisory actions to correct the problems which resulted in the deprivation of the rights of Plaintiff at the hands of the employees of the RACADF.

**22.** The conduct of Rio Arriba County and its employees and personnel of the RACADF, described above, deprived Plaintiff of her constitutional right pursuant to the Fourteenth Amendment and/or constituted cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution. The conduct of Rio Arriba County and its employees of the RACADF was intentional, unreasonable, reckless, wanton, willful and/or callously indifferent to the rights of Plaintiff and was shocking to the conscience.

**23.** Rio Arriba County is liable for the tortious acts and omissions of its employees and agents, including John Does and Jane Does under the doctrine of *respondeat superior* and agency.

## DAMAGES

**24.** The allegations of Paragraphs 1-30 above are incorporated herein by this reference.

**25.** As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Elaine Archuleta died. Plaintiff Crystal Dean, the daughter and personal representative of Elaine Archuleta and her estate, seeks all damages recoverable in wrongful death damages in New Mexico, including without limitation, funeral and burial expenses, mental anguish, emotional distress, and loss of consortium and society.

**26.** The conduct of Defendants was reckless, wanton, willful and malicious, thereby entitling Plaintiff to punitive damages to punish Defendants and to deter them and Counties and Sheriffs and persons operating detention centers, from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that she have and recover judgment against Defendants, and each of them, for her compensatory and punitive damages to be proved at trial; for reasonable attorney's fees and costs of suit incurred herein; for pre- and post-judgment interest as provided by law; and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

**THE PERRIN LAW FIRM**
1322 Paseo de Peralta, Lower Level
Santa Fe, New Mexico 87501
Telephone: (505) 989-8800
Facsimile: (214) 646-6117
Email: dougperrin@perrinlaw.org


*/s/Doug Perrin*
Doug Perrin

Thomas M. Clark
Michael R. Jones
**CLARK, JONES & PENNINGTON**
1322 Paseo de Peralta
Santa Fe, New Mexico 87501
Telephone: (505) 820-1825
Facsimile: (505) 986-0475
Email: tmattclark@earthlink.net
Email: mrjoneslaw@yahoo.com


**ATTORNEYS FOR PLAINTIFF**