IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, Personal Representative
of the Estate of Elaine Archuleta, Deceased,

      Plaintiff,

vs.                                No. 1:14-cv-00472 SCY/GBW

RIO ARRIBA BOARD OF COMMISSIONERS,
a municipal entity Organized under the laws
of the State of New Mexico and its subsidiary,
JOHN DOES AND JANE DOES Numbers
1-10, unknown officers employed at the Rio
Arriba County Detention Center in their
individual and official capacities,

      Defendants.

## ANSWER OF DEFENDANT RIO ARRIBA COUNTY BOARD OF COUNTY COMMISSIONERS TO PLAINTIFF'S ORIGINAL COMPLAINT

      COMES NOW Defendant, Rio Arriba County Board of County Commissioners, by and through its counsel of record, Yenson, Allen & Wosick P.C. (Robert W. Becker, appearing), and by way of answer to the original complaint of Plaintiff, Crystal Dean, Personal Representative of the Estate of Elaine Archuleta, Deceased, states as follows:

### GENERAL ALLEGATIONS

      1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of sentences one and two of Paragraph 1.  Defendant admits the third and fourth sentences of allegations of Paragraph 1 insofar as Rio Arriba County and unnamed employees are purported to be sued, but denies any liability for any actions or inactions alleged in the Complaint.  Defendant admits sentence five of the allegations of Paragraph 1.

2. Defendant admits the first sentence of allegations of Paragraph 2.  Defendant is without knowledge or information sufficient to form a belief as to the second sentence of allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant admits the first, second and third sentences of allegations of Paragraph 8.  The fourth and fifth sentences of allegations of Paragraph 8 allege conclusions of law to which no response is required.  To the extent that it can be construed that the fourth and fifth sentences of allegations of Paragraph 8 allege facts, Defendant admits the fourth and fifth sentences of allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9 as stated, Plaintiff's counsel having been supplied with the reports of all officers involved in the incident forming the basis of this suit prior to same, and thus, should know the names of said officers.

10. Defendant admits the allegations of Paragraph 10.

## FIRST CLAIM FOR RELIEF

11. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

## SECOND CLAIM FOR RELIEF

15. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18, subparagraphs (a), (b), (c), (d) and (e) inclusive.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

## DAMAGES

24. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**:  Plaintiff has failed to name indispensible parties, namely Shirley Knackstedt, Nurse Practitioner and La Clinica del Pueblo, the individuals and/or entities that treated Elaine Archuleta at the Rio Arriba County Detention Center at all times material to the allegations of the Complaint.

**Second Affirmative Defense**:  Plaintiff's first claim for relief fails to state a claim as there is no waiver of sovereign immunity pursuant to the relevant provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq., for jail employees' simple negligence.

**Third Affirmative Defense**:  Plaintiff's second claim for relief, alleging an Eighth Amendment claim, fails to state a claim, Elaine Archuleta having been a pre-trial detainee at the time of her death.

**Fourth Affirmative Defense**:  Plaintiff's second claim for relief, alleging a Fourth Amendment claim, fails to state a claim.

**Fifth Affirmative Defense**:  Plaintiff's second claim for relief, alleging civil rights claims based on negligence and/or respondeat superior liability, fail to state claims.

**Sixth Affirmative Defense**:  Plaintiff's second claim for relief, alleging a municipal liability claim, fails to state a claim pursuant to Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007).

**Seventh Affirmative Defense**:  Plaintiff's second claim for relief, alleging a supervisory and/or failure to train claim, fails to state a claim pursuant to Bell Atlantic Corp. v. Twombley, supra.

**Eight Affirmative Defense**:  Plaintiff's claim for prejudgment interest is barred by the relevant provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq.

**Ninth Affirmative Defense**:  As to any state law claims asserted against this Defendant, in the event that Plaintiff obtains judgment against this Defendant, said judgment should be reduced or apportioned by the comparative negligence of the decedent, Elaine Archuleta, and/or the comparative negligence of third parties over whom this Defendant exercised no authority or control.

Defendant reserves the right assert additional affirmative defenses based upon what subsequent discovery might reveal.

## JURY DEMAND

The Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Rio Arriba Board of County Commissioners, demands judgment dismissing all claims against it with prejudice and for the taxation of those costs as allowed by law.

    Respectfully submitted,

    YENSON, ALLEN & WOSICK, P.C.

    */s/ Robert W. Becker*
    Robert W. Becker
    *Attorneys for Defendant Rio Arriba Board of County Commissions*
    4908 Alameda Blvd NE
    Albuquerque, NM  87113-1736
    (505) 266-3995
    rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 12th day of June, 2014 I filed the foregoing electronically through the CM/ECF Filing System, which caused the following parties or counsel to be served by electronic means:

Doug Perrin
The Perrin Law Firm
1322 Paseo de Peralta, Lower Level
Santa Fe, NM  87501
(505) 989-8800
dougperrin@perrinlaw.org

Thomas M. Clark
Michael R. Jones
Clark, Jones & Pennington
1322 Paseo de Peralta
Santa Fe, NM  87501
(505) 820-1825
tmattclark@earthlink.net
mrjoneslaw@yahoo.com

*/s/ Robert W. Becker*
Robert W. Becker