IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, Personal Representative
of the Estate of Elaine Archuleta, Deceased,

      Plaintiff,

vs.                            No. 1:14-cv-00472 MV/GBW

RIO ARRIBA COUNTY BOARD OF
COMMISSIONERS, a municipal entity
Organized under the laws of the State of
New Mexico and its subsidiary, JOHN
DOES AND JANE DOES Numbers
1-10, unknown officers employed at the Rio
Arriba County Detention Center in their
individual and official capacities, LA
CLINICA DEL PUEBLO DE RIO ARRIBA;
And SHIRLEY R. KNACKSTEDT,

      Defendants.

### ANSWER OF DEFENDANT RIO ARRIBA COUNTY BOARD OF COUNTY COMMISSIONERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, Rio Arriba County Board of County Commissioners, by and through its counsel of record, Yenson, Allen & Wosick, P.C. (Robert W. Becker, appearing), and by way of Answer to the First Amended Complaint of Plaintiff, Crystal Dean, Personal Representative of the Estate of Elaine Archuleta, Deceased, states as follows:

### GENERAL ALLEGATIONS

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of sentences one and two of Paragraph 1.  Defendant admits the third and fourth sentences of allegations of Paragraph 1 insofar as Rio Arriba County and unnamed employees are purported to be sued, but denies any liability for any actions or inactions alleged in the Complaint.  Defendant admits sentence five of the allegations of Paragraph 1.

2.     The allegations of Paragraph 2 are not directed to this Defendant.  To the extent that the allegations of Paragraph 2 are directed to this Defendant, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the first sentence of allegations of Paragraph 2 and admits the second sentence of allegations of Paragraph 2.

3.     Defendant admits the first sentence of allegations of Paragraph 3.  Defendant is without knowledge or information sufficient to form a belief as to the second sentence of allegations of Paragraph 3.

4.     Defendant denies the allegations of Paragraph 4 as stated.

5.     Defendant denies the allegations of Paragraph 5.

6.     Defendant denies the allegations of Paragraph 6.

7.     The allegations of Paragraph 7 are not directed to this Defendant.  To the extent that it can be construed that the allegations of Paragraph 7 are directed to this Defendant, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.     Defendant denies the allegations of Paragraph 8.

9.     Defendant admits the allegations of Paragraph 9.

10.     Defendant admits the first, second and third sentences of allegations of Paragraph 10.  The fourth and fifth sentences of allegations of Paragraph 10 allege conclusions of law to which no response is required.  To the extent that it can be construed that the fourth and fifth sentences of allegations of Paragraph 10 allege facts, Defendants admits the fourth and fifth sentences of allegations of Paragraph 10.

11.     Defendant denies the allegations of Paragraph 11 as stated, Plaintiff's counsel having been supplied with the reports of all officers involved in the incident forming the basis of the suit prior to same, as thus, should know the names of said officers.

12.     Defendant admits the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF

13.     Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

14.     Defendant denies the allegations of Paragraph 14.

15.     Defendant denies the allegations of Paragraph 15.

16.     Defendant admits the allegations of Paragraph 16.

## SECOND CLAIM FOR RELIEF

17.     Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

18.     Defendant denies the allegations of Paragraph 18.

19.     Defendant denies the allegations of Paragraph 19.

20.     Defendant denies the allegations of Paragraph 20, subparagraphs (a), (b), (c), (d) and (e) inclusive.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant denies the allegations of Paragraph 22.

23.     Defendant denies the allegations of Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24.

25.     Defendant denies the allegations of Paragraph 25.

## THIRD CLAIM FOR RELIEF

26.     Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

27.     The allegations of Paragraph 27 are not directed to this Defendant.  To the extent that is can be construed that the allegations of Paragraph 27 are directed to this Defendant, this Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

## DAMAGES

28.      Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

29.     Defendant denies the allegations of Paragraph 29.

30.     Defendant denies the allegations of Paragraph 30.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**:  Plaintiff's first claim for relief fails to state a claim as there is no waiver of sovereign immunity pursuant to the relevant provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq., for jail employees' simple negligence.

**Second Affirmative Defense**:  Plaintiff's second claim for relief, alleging an Eighth Amendment claim, fails to state a claim, Elaine Archuleta having been a pre-trial detainee at the time of her death.

**Third Affirmative Defense**:  Plaintiff's second claim for relief, alleging a Fourth

Amendment claim, fails to state a claim.

**Fourth Affirmative Defense**:  Plaintiff's second claim for relief, alleging civil rights

claims based on negligence and/or respondeat superior liability, fail to state claims.

**Fifth Affirmative Defense**:  Plaintiff's second claim for relief, alleging a municipal

liability claim, fails to state a claim pursuant to Bell Atlantic Corp. v. Twombley, 550 U.S. 544

(2007).

**Sixth Affirmative Defense**:  Plaintiff's second claim for relief, alleging a supervisory

and/or failure to train claim, fails to state a claim pursuant to Bell Atlantic Corp. v. Twombley,

supra.

**Seventh Affirmative Defense**:  Plaintiff's claim for prejudgment interest is barred by the

relevant provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq.

**Eighth Affirmative Defense**:  As to any state law claims asserted against this Defendant,

in the event that Plaintiff obtains judgment against this Defendant, said judgment should be

reduced or apportioned by the comparative negligence of the decedent, Elaine Archuleta, and/or

the comparative negligence of third parties over whom this Defendant exercised no authority or

control.

**Ninth Affirmative Defense**:  As alleged in Paragraph 2 of the First Amended Complaint,

plaintiff has failed to name the proper party, the United States of America, pursuant to 28 U.S.C.

§ 2679.

Defendant reserves the right assert additional affirmative defenses based upon what subsequent discovery might reveal.

## **JURY DEMAND**

The Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Rio Arriba Board of County Commissioners, demands judgment dismissing all claims against it with prejudice and for the taxation of those costs as allowed by law.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.


*/s/ Robert W. Becker*
Robert W. Becker
***Attorneys for Defendant Rio Arriba County Board of County Commissions***
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 29th day of August, 2014 I filed the foregoing electronically through the CM/ECF Filing System, which caused the following parties or counsel to be served by electronic means:

Doug Perrin
The Perrin Law Firm
1322 Paseo de Peralta, Lower Level
Santa Fe, NM  87501
(505) 989-8800
dougperrin@perrinlaw.org

Thomas M. Clark
Michael R. Jones
Clark, Jones & Pennington
1322 Paseo de Peralta
Santa Fe, NM  87501
(505) 820-1825
tmattclark@earthlink.net
mrjoneslaw@yahoo.com


*/s/ Robert W. Becker*
Robert W. Becker