IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, Personal Representative of the
Estate of Elaine Archuleta, Deceased,

      Plaintiff,

vs.

No. 1:14-CV-00472-MV-GBW

RIO ARRIBA COUNTY BOARD OF COMMISSIONERS, a municipal entity organized under the laws of the State of New Mexico and its subsidiary; GENARO MADRID; GUILLERMO JARAMILLO; ORLANDO ULIBARRI; GUY JORDAN; JAMES CULIN; and EDWARD MERCURE, in their Individual and official capacities; LA CLINICA DEL PUEBLO DE RIO ARRIBA; SHIRLEY R. KNACKSTEDT; and UNITED STATES OF AMERICA

      Defendants.

## ANSWER OF DEFENDANTS LA CLINICA DEL PUELBO DE RIO ARRIBA AND SHIRLEY R. KNACKSTEDT TO THIRD AMENDED COMPLAINT

COME NOW Defendants La Clinica del Pueblo de Rio Arriba (hereafter "La Clinica") and Shirley R. Knackstedt in the above matter and, for their Answer to Plaintiff's Third Amended Complaint (hereafter "the Complaint"), hereby state as follows:

### FIRST DEFENSE

### "General Allegations"

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, deny the same.

2. In answer to paragraph 2 of the Complaint, these Defendants admit that La Clinica is a federally funded health clinic in Rio Arriba County and that, upon information and belief, it is entitled to the protections of the Federal Tort Claims Act. These Defendants further admit that Defendant Knackstedt is a nurse practitioner, that she was, at all times material to this

case, acting as an employee of, and acting within the course and scope of her employment with, La Clinica, and that, upon information and belief, she is also entitled to the protections of the Federal Tort Claims Act. These Defendants further admit that the United States of America has also been sued. These Defendants deny that they committed any "acts or omissions" that proximately caused any of the injuries or damages alleged in the Complaint. These Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and, therefore, deny the same.

3. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, deny the same.

4. In answer to paragraph 4 of the Complaint, these Defendants deny that Ms. Archuleta was taken to La Clinica during the day of August 29, 2012, at which time she was seen by Defendant Knackstedt and prescribed medications to address her health issues. These Defendants admit that Ms. Archuleta was seen by Defendant Knackstedt at the Rio Arriba County Detention Center (RACDC) and that she prescribed medications for Ms. Archuleta. These Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and, therefore, deny the same.

5. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, deny the same.

7. In answer to paragraph 7 of the Complaint, these Defendants admit that Ms. Archuleta told Defendant Knackstedt that she had consumed a gallon of vodka and beer the day before and reported heroin use. These Defendants also admit that Ms. Archuleta vomited while in the exam room and that it was a yellow bile appearing emesis without blood. These Defendants deny the remaining allegations contained in said paragraph.

8. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, deny the same.

9. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, deny the same.

10. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, deny the same.

11. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny the same.

12. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

## "First Claim for Relief"

13. In answer to paragraph 13 of the Complaint, these Defendants incorporate by reference as if fully set forth herein their answers to paragraphs 1 through 12 of the Complaint.

14. In response to paragraph 14 of the Complaint, these Defendants deny that they breached any duty owed to Plaintiff. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, deny the same.

15. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, deny the same.

16. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

## "Second Claim for Relief"

17. In answer to paragraph 17 of the Complaint, these Defendants incorporate by reference as if fully set forth herein their answers to paragraphs 1 through 16 of the Complaint.

18. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, deny the same.

19. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, deny the same.

20. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, deny the same.

21. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, deny the same.

22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, deny the same.

23. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, deny the same.

24. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, deny the same.

25. In answer to paragraph 25 of the Complaint, these Defendants deny that any conduct on their part was reckless, wanton, willful or malicious, and deny that Plaintiff is entitled to an award of punitive damages against these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, deny the same.

### "Third Claim for Relief"

26. In answer to paragraph 26 of the Complaint, these Defendants incorporate by reference as if fully set forth herein their answers to paragraphs 1 through 25 of the Complaint.

27. These Defendants deny the allegations contained in paragraph 27 of the Complaint.

## "Damages"

28.     In answer to paragraph 28 of the Complaint, these Defendants incorporate by reference as if fully set forth herein their answers to paragraphs 1 through 27 of the Complaint.

29.     In answer to paragraph 29 of the Complaint, these Defendants deny all allegations therein that are addressed or were intended to be addressed to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, deny the same.

30.     In answer to paragraph 30 of the Complaint, these Defendants deny all allegations therein that are addressed or were intended to be addressed to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, deny the same.

### SECOND DEFENSE

Upon information and belief, the action against these Defendants is barred because Plaintiff's exclusive remedy is a claim against the United States of America under the Federal Tort Claims Act.

### THIRD DEFENSE

If Plaintiff was injured and damaged as alleged, which is specifically denied, any such injuries and damages resulted from an independent intervening cause over which these Defendants had no control.

### FOURTH DEFENSE

If Plaintiff was injured and damaged as alleged, which is specifically denied, any such injuries and damages were caused solely by the negligence of Plaintiff's decedent and/or the other Defendants in this action and/or third persons or entities not parties to this lawsuit.

## FIFTH DEFENSE

If Plaintiff was injured and damaged as alleged, which is specifically denied, any such injuries and damages resulted from an unavoidable medical complication for which these Defendants may not be held responsible or liable.

## SIXTH DEFENSE

At all times material herein, La Clinica del Pueblo de Rio Arriba, and its employees, including Shirley R. Knackstedt, applied the knowledge and used the skill and care ordinarily used by reasonably well-operated primary healthcare clinics and nurse practitioners operating under similar circumstances, giving due consideration to the locality involved.

## SEVENTH DEFENSE

Plaintiff accepted a known risk inherent in the treatment alleged in the Complaint.

## EIGHTH DEFENSE

If these Defendants were negligent, which negligence is specifically denied, then Plaintiff's decedent and/or the other Defendants in this action and/or third persons or entities not parties to this lawsuit were comparatively negligent, and such negligence on the part of Plaintiff's decedent and/or the other Defendants in this action and/or such third persons or entities must be compared with the percentage extent, if any, that these Defendants' own negligence contributed to cause the injuries and damages alleged in the Complaint.

## NINTH DEFENSE

If Plaintiff was injured as alleged, which is specifically denied, any such injuries resulted from a pre-existing condition for which these Defendants may not be held responsible or liable.

## TENTH DEFENSE

Any action or inaction on the part of these Defendants was not a proximate cause of any injury to Plaintiff.

Respectfully submitted:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:  /s/ W. Mark Mowery
    W. Mark Mowery
    Jessica R. Terrazas
Attorneys for Defendants La Clinica del Pueblo de Rio Arriba
    and Shirley R. Knackstedt
Post Office Box 1357
Santa Fe, NM 87504
(505) 954-3907

I hereby certify that a true and accurate copy
of the foregoing pleading was forwarded via
the Court's electronic service methods to:

**Doug Perrin**
**The Perrin Law Firm**
**1322 Paseo de Peralta, Lower Level**
**Santa Fe, NM 87501**

**Thomas M. Clark**
**Michael R. Jones**
**Clark Jones & Pennington**
**1322 Paseo de Peralta**
**Santa Fe, NM 87501**

**Robert Becker**
**Yenson, Allen & Wosick, P.C.**
**4908 Alameda Blvd., NE**
**Albuquerque, NM 87113-1736**

on this 30th day of October, 2014.

Rodey, Dickason, Sloan, Akin & Robb, P.A.

By:  /s/ W. Mark Mowery
    W. Mark Mowery