IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, Personal Representative
of the Estate of Elaine Archuleta, Deceased,

       Plaintiff,

vs.                                     No. 1:14-cv-00472 MV/GBW

RIO ARRIBA COUNTY BOARD OF
COMMISSIONERS, a municipal entity
Organized under the laws of the State of
New Mexico and its subsidiary, GENARO
MADRID; GUILLERMO JARAMILLO;
ORLANDO ULIBARRI; GUY JORDAN;
JAMES CULIN; and EDWARD MERCURE,
In their individual and official capacities; and
UNITED STATES OF AMERICA,

       Defendants.

## ANSWER OF DEFENDANTS RIO ARRIBA COUNTY BOARD OF COUNTY COMMISSIONERS, GENARO MADRID, GUILLERMO JARAMILLO, ORLANDO ULIBARRI, GUY JORDAN, JAMES CULIN AND EDWARD MERCURE TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

COME NOW Defendants, Rio Arriba County Board of County Commissioners, Genaro

Madrid, Guillermo Jaramillo, Orlando Ulibarri, Guy Jordan, James Culin and Edward Mercure,

by and through its counsel of record, Yenson, Allen & Wosick, P.C. (Robert W. Becker,

appearing), and by way of Answer to the Third Amended Complaint of Plaintiff, Crystal Dean,

Personal Representative of the Estate of Elaine Archuleta, Deceased, states as follows:

### GENERAL ALLEGATIONS

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of sentences one and two of Paragraph 1.  Defendants admit the third

and fourth sentences of allegations of Paragraph 1 insofar as Rio Arriba County and the named

employees are purported to be sued, but deny any liability for any actions or inactions alleged in the Complaint.  Defendants admit sentence five of the allegations of Paragraph 1 as to the allegations of employment of the individually named Defendants but state that the allegations of "agency" are conclusions of law to which no response it required and are therefore denied. Defendants admit sentence six of the allegations of Paragraph 1 in terms of how they are referred to in the Complaint but deny that the individual Defendants have that title in terms of their employment status.  Defendants admit the allegations of sentence seven of Paragraph 1.

2.     The allegations of Paragraph 2 are not directed to these Defendants.  To the extent that the allegations of Paragraph 2 are directed to these Defendants, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of allegations of Paragraph 2 and admit the second sentence of allegations of Paragraph 2. Defendants are without knowledge or information sufficient to form a belief as to the third and fourth sentences of allegations of Paragraph 2.

3.     Defendants admit the first sentence of allegations of Paragraph 3.  Defendants are without knowledge or information sufficient to form a belief as to the second sentence of allegations of Paragraph 3.

4.     Defendants deny the allegations of Paragraph 4 as stated.

5.     Defendants deny the allegations of Paragraph 5.

6.     Defendants deny the allegations of Paragraph 6.

7.     The allegations of Paragraph 7 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 7 are directed to these Defendants, these

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

        8.      Defendants deny the allegations of Paragraph 8.

        9.      Defendants admit the allegations of Paragraph 9.

        10.      Defendants admit the first, second and third sentences of allegations of Paragraph 10.  The fourth and fifth sentences of allegations of Paragraph 10 allege conclusions of law to which no response is required.  To the extent that it can be construed that the fourth and fifth sentences of allegations of Paragraph 10 allege facts, Defendants admit the fourth and fifth sentences of allegations of Paragraph 10.

        11.      Defendants admit the first, second and third sentences of allegations of Paragraph 11.  Defendants admit the fourth sentence of allegations of Paragraph 11 in terms of how the individual Defendants are purported to be sued, but deny any acts or inactions that would confer liability therefor.  The allegations of the fifth sentence of Paragraph 11 allege a conclusion of law to which no response is required and are therefore denied.

        12.      Defendants admit the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF

        13.      Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

        14.      Defendants deny the allegations of Paragraph 14.

        15.      Defendants deny the allegations of Paragraph 15.

        16.      Defendants admit the allegations of Paragraph 16.

## SECOND CLAIM FOR RELIEF

17.      Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

18.      Defendants deny the allegations of Paragraph 18.

19.      Defendants deny the allegations of Paragraph 19.

20.      Defendants deny the allegations of Paragraph 20, subparagraphs (a), (b), (c), (d) and (e) inclusive.

21.      Defendants deny the allegations of Paragraph 21.

22.      Defendants deny the allegations of Paragraph 22.

23.      Defendants deny the allegations of Paragraph 23.

24.      Defendants deny the allegations of Paragraph 24.

25.      Defendants deny the allegations of Paragraph 25.

## THIRD CLAIM FOR RELIEF

26.      Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

27.      The allegations of Paragraph 27 are not directed to these Defendants.  To the extent that is can be construed that the allegations of Paragraph 27 are directed to these Defendants, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

## DAMAGES

28.     Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**:  Plaintiff's first claim for relief fails to state a claim as there is no waiver of sovereign immunity pursuant to the relevant provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq., for jail employees' simple negligence.

**Second Affirmative Defense**:  Plaintiff's second claim for relief, alleging an Eighth Amendment claim, fails to state a claim, Elaine Archuleta having been a pre-trial detainee at the time of her death.

**Third Affirmative Defense**:  Plaintiff's second claim for relief, alleging a Fourth Amendment claim, fails to state a claim.

**Fourth Affirmative Defense**:  Plaintiff's second claim for relief, alleging civil rights claims based on negligence and/or respondeat superior liability, fail to state claims.

**Fifth Affirmative Defense**:  Plaintiff's second claim for relief, alleging a municipal liability claim, fails to state a claim pursuant to Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007).

5

**Sixth Affirmative Defense**:  Plaintiff's second claim for relief, alleging a supervisory and/or failure to train claim, fails to state a claim pursuant to Bell Atlantic Corp. v. Twombley, supra.

**Seventh Affirmative Defense**:  Plaintiff's claim for prejudgment interest is barred by the relevant provisions of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq.

**Eighth Affirmative Defense**:  As to any state law claims asserted against these Defendants, in the event that Plaintiff obtains judgment against these Defendants, said judgment should be reduced or apportioned by the comparative negligence of the decedent, Elaine Archuleta, and/or the comparative negligence of third parties over whom these Defendants exercised no authority or control.

**Ninth Affirmative Defense**:  Plaintiff's official capacity claims against Defendants Madrid, Jaramillo, Ulibarri, Jordan, Culin and Mercure fail to state claims.

Defendants reserve the right to assert additional affirmative defenses based upon what subsequent discovery might reveal.

## JURY DEMAND

The Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants Rio Arriba Board of County Commissioners, Genaro Madrid, Guillermo Jaramillo, Orlando Ulibarri, Guy Jordan, James Culin and Edward Mercure, demand judgment dismissing all claims against them with prejudice and for the taxation of those costs as allowed by law.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.
*Electronically filed*

*/s/ Robert W. Becker*
Robert W. Becker
***Attorneys for Defendants Rio Arriba County
Board of County Commissions, Genaro
Madrid, Guillermo Jaramillo, Orlando Ulibarri,
Guy Jordan, James Culin and Edward Mercure***
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 2nd day
of January, 2015 I filed the foregoing
electronically through the CM/ECF Filing
System, which caused the following parties
or counsel to be served by electronic means:

Doug Perrin
The Perrin Law Firm
1322 Paseo de Peralta, Lower Level
Santa Fe, NM  87501
(505) 989-8800
dougperrin@perrinlaw.org
***Attorneys for Plaintiff***

Thomas M. Clark
Michael R. Jones
Clark, Jones & Pennington
1322 Paseo de Peralta
Santa Fe, NM  87501
(505) 820-1825
tmattclark@earthlink.net
mrjoneslaw@yahoo.com
***Attorneys for Plaintiff***

7

___/s/ **Robert W. Becker**_____
Robert W. Becker