IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, Personal Representative of
the Estate of Elaine Archuleta, Deceased,

    Plaintiff,

vs.                                                                    Civil No. 14-472 MV/GBW

RIO ARRIBA COUNTY BOARD OF COMMISSIONERS,
a municipal entity organized under the laws of the
State of New Mexico and its subsidiary,
GENARO MADRID;
GUILLERMO JARAMILLO;
ORLANDO ULIBARRI;
GUY JORDAN;
JAMES CULIN; and
EDWARD MERCURE, in their individual and official capacities; and
UNITED STATES OF AMERICA,

    Defendants.

## ANSWER TO FOURTH AMENDED COMPLAINT (Doc. 44)

Defendant the United States of America (USA) hereby answers Plaintiff's Fourth Amended Complaint (Doc. 44).

### GENERAL ALLEGATIONS

1. As to Paragraph 1, Defendant USA admits Crystal Dean was appointed as the personal representative of Elaine Archuleta's estate. Defendant USA denies the Court has jurisdiction over it under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

2. As to Paragraph 2, Defendant USA admits La Clinica del Pueblo de Rio Arriba (the

Clinic) is a federally funded health clinic in Rio Arriba County, entitled to the protection of the Federal Tort Claims Act (FTCA). Defendant USA admits Shirley Knackstedt is a nurse practitioner who in this case acted as an agent of the Clinic. Defendant USA admits it is sued under the FTCA, and the acts and omissions of the Clinic and Shirley Knackstedt are those of the USA. Defendant USA denies the Court has jurisdiction over it under 28 U.S.C. § 1331.

3. As to Paragraph 3, Defendant USA admits Elaine Archuleta was arrested on August 28, 2012, at about 9:15 am and booked into the Rio Arriba County Adult Detention Facility (County Jail) at about 4:06 pm. Defendant USA admits the County Jail's Inmate Screening at 4:17 pm indicates she had a quantity of vodka about 9:00 am that morning, had a history of withdrawals/seizures, and would be going through alcohol withdrawal. Defendant USA admits Elaine Archuleta had been booked into the County Jail on December 6, 2010, and on October 18, 2011. Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

4. As to Paragraph 4, Defendant USA denies Elaine Archuleta was taken to the Clinic on August 29, 2012. Defendant USA admits Ms. Knackstedt saw Elaine Archuleta at the County Jail on August 29, 2012, during regular Clinic hours that afternoon at the County jail, and Ms. Knackstedt prescribed medications for Ms. Archuleta.

5. As to Paragraph 5, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

6. As to Paragraph 6, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

7. As to Paragraph 7, Defendant USA admits Ms. Knackstedt's notes of her

examination of Ms. Archuleta on August 29, 2012, indicate Ms. Archuleta reported drinking a gallon of vodka and beer the day before on August 28, 2012, and heroin use. Ms. Archuleta vomited yellow bile during the examination and reported watery diarrhea. Defendant USA denies that Ms. Archuleta had diarrhea during that examination.

8. As to Paragraph 8, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

9. As to Paragraph 9, Defendant USA admits Ms. Archuleta died on August 30, 2012, in the early morning hours, and the death certificate lists alcohol withdrawal syndrome and chronic ethanol abuse.

10. As to Paragraph 10, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

11. As to Paragraph 11, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

12. As to Paragraph 12, denied as to Plaintiff's claims against the USA under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Admitted as to Plaintiff's claims against the USA under 28 U.S.C. § 2671, *et seq.* (the FTCA).

FIRST CLAIM FOR RELIEF

13. As to Paragraph 13, Defendant USA's answers to Paragraphs 1-12 are incorporated.

14. As to Paragraph 14, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

15. As to Paragraph 15, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

16. As to Paragraph 16, Defendant USA lacks knowledge or information sufficient to

form a belief as to the truth of these allegations and therefore denies same.

## SECOND CLAIM FOR RELIEF

17. As to Paragraph 17, Defendant USA's answers to Paragraphs 1-16 are incorporated.

18. As to Paragraph 18, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

19. As to Paragraph 19, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

20. As to Paragraph 20, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

21. As to Paragraph 21, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

22. As to Paragraph 22, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

23. As to Paragraph 23, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

24. As to Paragraph 24, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

25. As to Paragraph 25, Defendant USA lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

## THIRD CLAIM FOR RELIEF

26. As to Paragraph 26, Defendant USA's answers to Paragraphs 1-25 are incorporated.

27. As to Paragraph 27, denied.

## DAMAGES

28. As to Paragraph 28, Defendant USA's answers to Paragraphs 1-27 are incorporated.

29. As to Paragraph 29, denied.

30. As to Paragraph 30, denied.

The final unnumbered WHEREFORE paragraph is a prayer for relief to which no response is required. To the extent the prayer for relief is deemed to allege facts to which a response is required, Defendant USA denies same.

Defendant USA denies any allegation of the amended complaint not specifically admitted above.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The injuries or damages alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the USA acting within the scope and course of employment.

3. If Defendant USA is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages claimed herein.

4. If Defendant USA is found to have been negligent, which negligence is denied, the negligence of the decedent or others was a proximate cause of and contributed to the alleged injuries or damages sustained, thereby barring recovery, or requiring that recovery be proportionately reduced.

5. Defendant is entitled to have its liability for Plaintiff's damages, if any, reduced according to New Mexico law of comparative fault. N.M.S.A. § 41-3A-1.

6. Attorney's fees taken out of the judgment or settlement are governed by statute. 28

U.S.C. § 2678.

7. Defendant USA is not liable for interest prior to judgment or punitive damages. 28 U.S.C. § 2674.

8. Plaintiff's claims for damages against the USA are limited to damages recoverable under 28 U.S.C. § 2674.

9. Plaintiff has no right to a jury trial against the USA. 28 U.S.C. § 2402.

10. Plaintiff's damages, if any, are limited to the amount set forth at N.M.S.A. § 41-5-6 (2014). Plaintiff's claims for damages against the USA are subject to the statutory cap of $600,000 under N.M.S.A. § 41-5-6(A), applicable to all acts of alleged medical malpractice occurring after April 1, 1995.

11. If Defendant USA was negligent, which is specifically denied, under the FTCA, the USA is liable in the same manner and to the same extent as a private individual under like circumstances. Accordingly, the New Mexico Medical Malpractice Act, Section 41-5-1 et seq., N.M.S.A. (1978), applies directly or as a private party equivalent to the USA.

12. To the extent that any of Plaintiff's claims were not the subject of an administrative tort claim, this court lacks jurisdiction over those claims. 28 U.S.C. § 2675(a).

13. At all times relevant to the incident or events giving rise to Plaintiff's Fourth Amended Complaint, Defendant USA and its employees possessed and applied the knowledge and used the skills and care ordinarily used by hospitals and physicians of the same type and specialty giving due regard to the locality involved.

14. If Plaintiff's decedent was injured and damaged by Defendant USA as alleged, which is specifically denied, then the injuries and damages resulted from unavoidable medical complications for which Defendant USA is not responsible.

Defendant USA violated no actionable duty owed to Plaintiff's decedent.

15. Defendant reserves the right to raise additional defenses as ascertained through discovery.

WHEREFORE, Defendant USA respectfully requests the Court to dismiss the Complaint with prejudice, for costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

Filed electronically February 16, 2015
CYNTHIA L. WEISMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1458
cynthia.weisman@usdoj.gov

I HEREBY CERTIFY that on February 16, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused the counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

Filed electronically February 16, 2015
CYNTHIA L. WEISMAN
Assistant United States Attorney