IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, *Personal Representative*
*of the Estate of Elaine Archuleta, deceased,*

    Plaintiff,

v.                                                              Civ. No. 14-472 MV/GBW

RIO ARRIBA COUNTY
BOARD OF COMMISSIONERS, *et al.*,

    Defendants.

## SECOND INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **March 24, 2015**, to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")* which follows the sample JSR available at the Court's web site.[1] The blanks for suggested/proposed dates are to be filled in by the parties. Actual dates will be promulgated by order of the court

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. Please visit the Court's web site, www.nmcourt.fed.us to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

shortly after entry of the JSR.  Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **March 31, 2015.**

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted by telephone on **April 14, 2015, at 10:30 a.m.**  Parties shall call Judge Wormuth's "Meet Me" line[2] at **(505) 348-2351** to be connected to the proceedings.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c).  Client attendance is not required.  If service on all parties is not complete, plaintiff(s) appearing through counsel or *pro se*, is (are) responsible for

---

[2] For the convenience of the parties, the Court will conduct many hearings and conferences by telephone.  The Court's teleconference line has a limited number of external connections.  Therefore, by default, each side may use a maximum of two telephone lines from which to call in.  If unanimous, the parties may agree to a different division.  If a side wishes to have more people participate than they have available connections, they may have persons share one telephone via a speakerphone or set up a separate teleconference that they then connect to the Court's line.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

notifying all parties of the content of this order.

Pre-trial practice in this case shall be in accordance with the foregoing.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE