IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, *Personal Representative of the*
*Estate of Elaine Archuleta, deceased*,

    Plaintiff,

v.                                                        Civ. No. 14-472 MV/GBW

RIO ARRIBA COUNTY BOARD
OF COMMISSIONERS, *et al.*,

    Defendants.

## ORDER SETTING PRETRIAL DEADLINES
## AND BRIEFING SCHEDULE

The Court held a Rule 16 initial scheduling conference on April 27, 2015. The case is hereby assigned to a standard case-management track. Additionally, the Joint Status Report filed by Plaintiff, after consultation with the parties, is adopted as an order of the Court, except as provided below.

The deadline for Plaintiff to join additional parties is **April 28, 2015**. The deadline for Plaintiff to amend pleadings is **June 29, 2015**. The deadline for Defendants to join additional parties is **May 18, 2015**. The deadline for Defendants to amend pleadings is **July 17, 2015**.

Each side shall be limited to thirty (30) interrogatories, thirty (30) requests for production, thirty (30) requests for admission, and fifteen (15) depositions to serve or notice on the other side.

The termination date for discovery is **October 23, 2015**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **November 13, 2015**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.[1]

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. See *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **June 12, 2015**. All other parties shall identify

---

[1] Of course, FED. R. CIV. P. 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the twenty-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute. Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the D.N.M.LR-Civ.26.6 deadline.

in writing any expert witness to be used by such parties at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **July 14, 2015**.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **November 23, 2015**. Parties shall have thirty days to respond to Pretrial motions, and replies, if any, will be due fifteen days after the response is filed. Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Motion practice must be conducted in accordance with the local rules. In particular, the Court would highlight Local Rule 7.4 which provides that response and reply deadlines "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a). Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

Counsel are directed to submit a consolidated final pretrial order as follows: Plaintiff to Defendant on or before **January 8, 2016**; Defendant to Court on or before **January 22, 2016**.  Counsel are directed that the pretrial order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE