IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL DEAN, *Personal Representative of the*
*Estate of Elaine Archuleta, deceased*,

    Plaintiff,

v.                                                             Civ. No. 14-472 MV/GBW

RIO ARRIBA COUNTY BOARD
OF COMMISSIONERS, *et al.*,

    Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

**IT IS HEREBY ORDERED that <u>all parties and counsel who will try the case shall appear</u> before me in the Doña Ana Courtroom at the United States Courthouse, 100 North Church Street, Las Cruces, New Mexico, on June 23, 2015, at 11:00 a.m.** An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). *See* D.N.M.LR-Cɪᴠ. 16.2 (c).

A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement. An excusal request

1

must be made in writing 5 calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d). As agreed to by the parties at the telephonic conference on April 27, 2015, the individual defendants have been excused from attending the settlement conference.

**At least 13 calendar days** prior to the date of the settlement conference, plaintiff's counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the principles supporting those damages; and (d) a settlement demand. **At least 9 calendar days** before the settlement conference, defense counsel shall serve on plaintiff's counsel a letter that sets forth at least the following information: (a) any points in plaintiff's letter with which the defense agrees; (b) any points in plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[1] Each of these letters typically should be 5 pages or fewer, and counsel will ensure that each party reads the opposing party's letter before the settlement conference.

Plaintiff's counsel shall provide copies of these letters to my chambers **no later than 6 calendar days** before the conference.

In addition, **at least 6 calendar days** before the conference, each party must

---

[1] The settlement offer must be definite, meaning that it must state a single amount with no variables. For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

provide me, in confidence, a concise letter (typically no more than 4 pages) that shall contain an analysis of the strengths and weaknesses of its case. As should be apparent, this confidential letter must not be a mere restatement of the letter served on opposing counsel. All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge. In addition to discussing the case, these letters should also list the individuals who will attend the settlement conference for that party and a brief statement as to their role/position in the case. In particular, if an insurer is a party in interest in the case but does not intend to send a representative to the settlement conference because the insurer has given an individual attending the conference authority to act on the insurer's behalf, then the letter should indicate this fact explicitly.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording **at least 6 calendar days** before the conference.

When sending the above-described letters to the Court, the parties may do so by facsimile (575-528-1465), by mail, or by electronic mail (gbwproposedtext@nmcourt.fed.us), as long as the statement arrives in my chambers by the deadline. It is not necessary to send an original if the statement is sent by facsimile. A $100 fine for each day a party misses any of the above deadlines (including those for letters exchanged between the parties) will be assessed unless a request for an extension

is approved by the Court.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g. insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE